United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41310
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARDO GONSALES-PEREZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-380-3
---------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Bernardo Gonsales-Perez pleaded guilty to transporting aliens within the United States and was sentenced to 30 months of imprisonment and three years of supervised release. On appeal, he argues that the district court erred by increasing his offense level by six pursuant to U.S.S.G. § 2L1.1(b)(2)(B) because his offense involved transporting 31 aliens and by two pursuant to U.S.S.G. § 2L1.1(b)(5) because the offense involved the intentional or reckless creation of substantial risk of death

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or serious bodily injury because of the conditions in which the aliens were transported in the trucks. The district court's application of the sentencing guidelines is reviewed <u>de</u> <u>novo</u>, while its findings of fact are reviewed for clear error. <u>United States v. Harrington</u>, 82 F.3d 83, 86 (5th Cir. 1996). Gonsales-Perez has not shown that information that the district court relied on in sentencing him was materially untrue. <u>United States v. Puig-Infante</u>, 19 F.3d 929, 943 (5th Cir. 1994). Accordingly, he has not shown that the district court erred in sentencing him under the guidelines. <u>See</u> U.S.S.G. § 1B1.3(a)(1)(B) (relevant conduct); <u>United States v. Cuyler</u>, 298 F.3d 387, 389 (5th Cir. 2002) (reckless endangerment).

AFFIRMED.